# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JENNIFER HAMORSKY, §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>ALLSTATE VEHICLE AND PROPERTY §<br>INSURANCE COMPANY AND §<br>CHARMELL KING | Civil Action No. 4:19-CV-00084<br>Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion to Compel Appraisal and Abate Pending Completion of Appraisal (Dkt. #26) and Defendants' Motion and Notice of Motion for Summary Judgment (Dkt. #25). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion should be **GRANTED** and Defendants' Motion should be **DENIED** as moot.

### BACKGROUND

On April 6, 2018, Jennifer Hamorsky ("Hamorsky") sustained hail and wind damage to her home due to a storm (Dkt. #1; Dkt. #26; Dkt. #27). Subsequent to Hamorsky discovering said damage to her home, Hamorsky filed a claim for insurance benefits under the Texas Homeowners Policy—Policy No. 838472502 (the "Policy")—that Allstate Vehicle and Property Insurance Company ("Allstate") had issued her (Dkt. #1; Dkt. #26; Dkt. #27). After receiving Hamorsky's claim, Allstate dispatched an adjuster to investigate the claim (Dkt. #1; Dkt. #26; Dkt. #27). Allstate subsequently paid Hamorsky $31,614.47 to cover the hail and wind damage to her property (Dkt. #27). Hamorsky, however, believes, according to an independent contractor hired by Hamorsky, that she is entitled to $51,043.27 (Dkt. #26).

On January 8, 2019, Hamorsky filed a lawsuit against Allstate in the 366th District Court, Collin County, Texas (Dkt. #1). Allstate timely removed the case on February 2, 2019 (Dkt. #1). On April 2, 2019, the Court entered its Scheduling Order (Dkt. #15). The Court then referred the case to mediation on June 4, 2019 (Dkt. #17). Following the Court's referral of the action to mediation, the Court entered an Amended Scheduling Order on June 17, 2019 (Dkt. #19). Pursuant to the Amended Scheduling Order, all discovery had to be completed by September 20, 2019; motions to dismiss, motions for summary judgment, and other dispositive motions were due by October 20, 2019; the Joint Final Pretrial Order was due on January 2, 2020; and the Final Pretrial Conference was set for January 31, 2020 with a trial window of March 2, 2020 to March 31, 2020 (Dkt. #19).

On September 10, 2019, the Court was notified that mediation resulted in an impasse (Dkt. #20). Following said impasse, Defendants filed Defendants' Motion and Notice of Motion for Summary Judgment (Dkt. #25).[1] Defendants' Motion was filed on October 8, 2019. Three days after Defendants had filed their Motion for Summary Judgment—i.e., on October 11, 2019—Hamorsky invoked appraisal pursuant to the Policy (Dkt. #26; Dkt. #27). On October 14, 2019, Allstate notified Hamorsky that it opposed appraisal as it believed Hamorsky waived her right to appraisal (Dkt. #27).

On October 17, 2019, Hamorsky filed Plaintiff's Motion to Compel Appraisal and Abate Pending Completion of Appraisal (Dkt. #26). On October 29, 2019, Allstate filed Defendant Allstate Vehicle and Property Insurance Company's Response to Plaintiff's Motion to Compel

---

[1] Hamorsky filed Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. #28) on October 29, 2019. Defendants filed Defendants' Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. #29) on November 4, 2019.

2

Appraisal (Dkt. #27). On January 6, 2020, the Court held in abeyance all outstanding deadlines pending a further order from the Court (Dkt. #37).

## LEGAL STANDARD

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). "These clauses are generally enforceable, absent illegality or waiver." *Id*. at 407; *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 471 (5th Cir. 2013). Once invoked, courts are discouraged from interfering with the appraisal process. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). But, a valid appraisal does not "divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way." *Id*. at 889.

## ANALYSIS

Hamorsky moves the Court to compel appraisal and to abate the case pending the outcome of the appraisal. Allstate maintains that the Court should not compel appraisal because Hamorsky waived her right to appraisal. The relevant portion of the Policy states:

B. Item 8, **Appraisal,** is replaced by the following:

8. **Appraisal**
If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impart!al appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. **If** the appraisers are unable **to** agree upon an umpire then an umpire will be appointed in the following manner:

**a) You** or **we** will request the American Arbitration Association (AAA) to select an umpire at:
American Arbitration Association
Case Filing Services
Attn: Allstate Texas Appraisal
1101 Laurel Oak Road Ste 100

3

      Voorhees, New Jersey 08043
      Email: casefiling@adr.org
      (with subject matter as "Allstate Texas Appraisal")

      b) Only if AAA advises **you** and **us** in writing that it cannot appoint an umpire may **we** then jointly request a judge of a district court in the judicial district where the **residence premises** is located to select an umpire. A judge of a district court does not include a commissioner or a judge of a county court at law, or a justice court, a municipal court, a probate court, or of a commissioner's court.

      The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to **you** and **us,** the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of the loss. Each party will pay the appraiser it chooses, and equally bear expense for the umpire and all other appraisal expenses.

      If the appraisal process is initiated, the appraisal award shall be binding on **you** and **us** concerning the amount of the loss. **We** reserve the right to deny the appraisal award in part or in its entirety based upon the lack of coverage under the policy or failure to satisfy policy terms.

(Dkt. #26, Exhibit C) (emphasis in original).

      Hamorsky argues that, under the express terms of the Policy, she is entitled to appraisal (Dkt. #26). Allstate argues that Hamorsky waived her ability to demand appraisal because Hamorsky "waited until the end of litigation and the eve of trial to invoke appraisal" (Dkt. #27). Allstate does not explicitly state that it will be prejudiced should the Court compel appraisal. Allstate does, however, argue that Hamorsky's delay in invoking appraisal until ten months into litigation was unreasonable as Allstate has already expended substantial expense and time on this matter (Dkt. #27).

      Appraisal clauses "are generally enforceable, absent illegality or waiver." *In re Universal Underwriters*, 345 S.W.3d at 407; *TMM Invs.*, 730 F.3d at 471. "Waiver is an affirmative defense, and the party alleging waiver has the burden of proof." *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) (citing *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748

(5th Cir. 2009) (per curiam)). To establish waiver, "'the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed.'" *In re Universal Underwriters*, 345 S.W.3d at 407 (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888)). The Texas Supreme Court further clarified that "'waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (alterations omitted) (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

"Appraisal is intended to take place before suit is filed." *Johnson*, 290 S.W.3d at 894. Appraisal is favored because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings." *Amtrust Ins. Co. of Kan. v. Starship League City, L.P.*, 2012 WL 2996489, at *4 (E.D. Tex. June 4, 2012), *report and recommendation adopted*, 2012 WL 2997404 (E.D. Tex. July 23, 2012) (quoting *Johnson*, 290 S.W.3d at 894) (internal quotation omitted). Many of the benefits of appraisal are lost if a party is allowed to delay invoking the appraisal. "While an appraisal may be invoked after suit is filed, one may do so only if the failure to invoke the appraisal clause earlier has not amounted to waiver." *Cmty. Bank v. Bancinsure, Inc.*, 2010 WL 1068193, at *3 (E.D. Tex. Mar. 22, 2010) (citing *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009)).

"Once the parties have reached an impasse—that is, a mutual understanding that neither will negotiate further—appraisal must be invoked within a reasonable time." *In re Universal Underwriters*, 345 S.W.3d at 410. An impasse is reached when it becomes apparent to both sides that they disagree as to the damages and any further attempts to negotiate a settlement is futile. *Id.* at 408–09. An impasse can exist despite the fact that the parties are engaged in continuing efforts

5

to resolve their dispute, including mediation. *See Jai Bhole, Inc. v. Emp'rs Fire Ins. Co.*, 2014 WL 50165, at *2 (S.D. Tex. Jan. 7, 2014). Further, if either party delays in requesting an appraisal after reaching impasse, the delay on its own is not enough, a party must also show that it has been prejudiced. *In re Universal Underwriters*, 345 S.W.3d at 411 (citations omitted). The key question, then, becomes when the parties reached an impasse in the present action.

The point of impasse is measured from the moment that there is "the apparent breakdown of good-faith negotiations." *Id.* at 409 (citing *Terra Industries, Inc. v. Commonwealth Insurance Co. of America,* 981 F. Supp. 581 (N.D. Iowa 1997). Consequently, a court is not to measure the point of impasse by considering the first sign of disagreement between the parties because "both parties must be aware that future negotiations would be futile . . . ." *Id.* (citing *Scottish Union*, 8 S.W. at 632 (1888); *see also Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 544 (1988) (defining impasse as "that point at which the parties have exhausted the prospects of concluding an agreement and further discussions would be fruitless."). For this reason, the filing of a lawsuit does necessarily signify an impasse because, as *Terra* reasoned, the filing of a suit merely demonstrates that one party, the plaintiff, has unilaterally concluded that the parties were at an impasse. *Id.* at 409 (citing *Terra*, 981 F. Supp. at 603); *see also Miranda v. Texas Lloyds Allstate*, 2019 WL 6208563, at *2–6 (S.D. Tex. Nov. 21, 2019) (citing *Raven Servs. Corp. v. N.L.R.B.*, 315 F.3d 499, 506 (5th Cir. 2002)) (finding that an impasse occurred post-filing of the lawsuit). Thus, a court must find the moment where it becomes unrealistic that the parties can conduct any fruitful negotiations. *Id.* at 410 (citing *Beverly Farm Found. v. NLRB*, 144 F.3d 1048, 1052 (7th Cir. 1998)).

The parties do not brief the Court on when the point of impasse occurred in this case. Allstate implicitly argues that the Court should find that the point of impasse occurred on January

8, 2019—the date this lawsuit was filed. The law, however, does not support such argument. *Id.* at 411. Rather, from a review of the record before the Court, it seems that the parties reached an impasse on September 10, 2019—the date that mediation failed. While Hamorsky filed this action on January 8, 2019, such filing only indicates, at most, a "unilateral conclusion" that the parties were at an impasse. *Id.* at 409 (citing *Terra*, 981 F. Supp. at 603). There is nothing in the record to evidence that Allstate believed that the parties were at an impasse prior to mediation or that Hamorsky acted in a manner that would constitute waiver prior to mediation. On the contrary, any argument that Allstate believed that the parties were at an impasse as early as January 8, 2019 is belied by the fact that the parties entered mediation following the filing of this suit. Thus, the Court finds that the point of impasse occurred on September 10, 2019—the date that mediation failed.

"Since the Policy does not include a time frame in which a party must request an appraisal, [Hamorsky] needed to make the request for an appraisal within a reasonable time from the moment of impasse." *Rogers v. Nationwide Gen. Ins. Co.*, 2018 WL 3840940, at *4 (E.D. Tex. Aug. 13, 2018) (citing *In re Universal Underwriters*, 345 S.W.3d at 410). Hamorsky first requested an appraisal on October 11, 2019, approximately one month after the parties reached an impasse. Allstate has not presented any argument that a one-month delay is unreasonable; rather, Allstate has briefed the Court that the delay was ten months. Certainly, a one-month delay is not unreasonable. *See Rogers*, 2018 WL 3840940, at *4 (finding that a six-month delay from the point of impasse was not per se unreasonable); *Adami v. Safeco Ins. Co. of Ind.*, 2018 WL 501093, at *5 (E.D. Tex. Jan. 22, 2018) (finding that a five-month delay from the point of impasse was not per se unreasonable). And while the Court recognizes that Hamorsky's appraisal demand came approximately one week after Defendants filed their Motion for Summary Judgement, that delay

7

is still within nearly one month of the point of impasse. Thus, Allstate has not carried its burden in demonstrating that Hamorsky waived her right to appraisal by exhibiting behavior that was inconsistent with her contractual rights. *See Dike*, 797 F. Supp. 2d at 784; *In re Universal Underwriters*, 345 S.W.3d at 410.

This brings the Court to whether an abatement of the proceedings is appropriate. Allstate does not respond to Hamorsky's request that the Court abate proceedings pending completion of the appraisal process. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Company*, 299 U.S. 248, 254 (1936). The Court finds that, without any argument to the contrary, abatement is appropriate "and in the interest of the efficient and inexpensive administration of justice." *Johnson v. Liberty Mutual Fire Ins. Co.*, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015) (citing *James v. Prop. & Cas. Ins. Co. of Hartford*, 2011 WL 4067880, at *1 (S.D. Tex. Sept. 12, 2011)). Consequently, Defendants' Motion and Notice of Motion for Summary Judgment is denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel Appraisal and Abate Pending Completion of Appraisal (Dkt. #26) is hereby **GRANTED**.

It is further **ORDERED** that Defendants' Motion and Notice of Motion for Summary Judgment (Dkt. #25) is hereby **DENIED** as moot.

It is further **ORDERED** that Defendant shall designate its appraiser within 20 days from the date of this order and participate in the appraisal process as set forth in the insurance policy.

It is further **ORDERED** that all other proceedings are abated pending completion of the appraisal process.

**SIGNED this 21st day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE